UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FORD MOTOR CREDIT COMPANY, )<br>    Plaintiff, )<br>)<br>Vs. )<br>)<br>INTERNATIONAL TRUCK CENTER )<br>OF BOSTON, INC. )<br>    Defendant ) | Civil Action No. 05 11081 RWZ |

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS

Now comes the defendant and opposes Plaintiff's Motion for Contempt Sanctions on two general grounds.

The first basis for defendant's opposition is based on procedural grounds. Pursuant to Local Rule 7.1 (A) (2) "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Plaintiff has failed to comply with Local Rule 7.1 (A) (2).

The second basis for defendant's opposition is based on factual and legal grounds. The defendant has complied with the court's order and has signed the release and settlement agreement. A true and accurate copy of the signature page of the Release and Settlement Agreement is attached and made a part of the Affidavit of Paul Marshall Harris that accompanies this opposition.

From a legal point of view, it is a long standing precedent that the signature of a party on an agreement binds the party and is prima facie evidence that he has assented to its legal terms and legal effect. *Wood v. Massachusetts Mut. Accident Ass'n.*, 174 Mass.

217 (1899). The signature of a party is prima facie evidence that the entire document was the act of the party signing. *Barletta v. New York, N.H. & H. R. Co.,* 297 Mass.275 (1937).

The plaintiff has failed to establish that this agreement is not enforceable by its terms or that the signature of the defendant on the agreement is not binding and that the defendant failed to comply with the order of the court. The plaintiff has failed to cite any case law that would establish that the release and settlement agreement are not binding on the defendant. That plaintiff has also simply not provided any legal or factual theory upon which they can establish that defendant has not complied with the order of the court. Furthermore, it would be harsh to hold the defendant in contempt of the court's order simply because he signed on the wrong line or filled the release out incorrectly when he hand wrote his title above the line rather than below it.

The defendant has paid the money due under the settlement agreement (there is no dispute on the part of the plaintiff that the settlement monies were paid in full) and the release and settlement agreement have been signed by the defendant. What the court should also take into account is that the statute of limitations on defendant bringing any counterclaim has come and gone (defendant never answered the complaint). Thus, even if plaintiff could establish the release was not binding, which is simply not the case, the practical fact is the defendant could not bring any action at this time. The irony of the plaintiff's complaint for contempt is that plaintiff has never signed the release or settlement agreement and provided defendant with a signed copy.

Wherefore, the defendant moves for all the above reasons that the Plaintiff's Motion for Contempt Sanctions be dismissed with prejudice, that this Court order that

plaintiff sign the release and settlement agreement and that this matter be finalized with no need for the defendant to be involved in this action any further.

                Respectfully submitted,
Defendant,
International Truck Center of Boston, LLC
By its counsel,

Paul Marshall Harris  BBO # 223500
Murtha Cullina, LLP
99 High Street
Boston, Massachusetts  02110
617 457-4085

Dated: February 4, 2008

374059-1

3